UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 17-1418 MRW | Date | November 8, 2022 |
|---|---|---|---|
| Title | Morales v. FCA | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | James Muñoz | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff: | Attorneys for Defendant: |
| | n/a | n/a |

**Proceedings:**  ORDER TO SHOW CAUSE RE: FEE REQUEST

     1.     The Court received a surprising fee request from counsel in this Song-Beverly Act case. (Docket # 84.) Why is it surprising? Let me count the ways.

     2.     We'll start with the obvious – I already ruled on a fee motion in this action nearly a year ago. The Mikhov firm filed its own fee application in January 2022 (the case settled in mid-2021). I accept that the Mikhov folks may have hired other lawyers to help out with this case. But I didn't see an explanation from the Wirtz firm as to why they waited until November to seek fees here.[1] That delay potentially hampers my ability to rule in this long-closed case, and perhaps prejudices the defense. The Wirtz firm can let me know why there was so much delay.

     3.     I'm also pretty bothered that these specialized lawyers didn't bother to comply with some basic rules of motion practice in this Court. You got the case number wrong (Judge Carney hasn't been involved with this case since 2018, but his initials are incorrectly included on all of the moving papers). The Wirtz firm failed to provide me with a native spreadsheet with their billing. Go check out paragraph 12 of my civil procedures online – it's a requirement here. And did you really set this motion for a hearing on the minimum amount of notice during the holiday period? Wow, that kind of nasty, especially after dragging your heels for so long.

     4.     I've also got some substantive questions. Why are the Wirtz folks asking for fees for services performed <u>after</u> the rejection of the 2019 settlement offer in this case? I already dinged Mr. Mikhov for that. (Docket # 83 at 4-5.) That's the law of the case, right? Why do you think you're entitled to thousands of dollars for slapping together a fee

---

[1]     I'll note <u>en passant</u> that the Wirtz fee request (over $44,000) dwarfs the award I gave to Mikhov firm. That was less than $18K. Hmmmm.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SA CV 17-1418 MRW | Date | November 8, 2022 |
|---|---|---|---|
| Title | Morales v. FCA | | |

motion? (Docket # 84-4 at 5-6.) Yeah, I dinged the Mikhov folks for that, too. (Docket # 83 at 5 n.3.) And do you really expect to get paid for a dozen motions in limine that I rejected out of hand in 2019 as "defective" on their face? (Docket # 47.)

     5.    I'd like a clear and direct response to these issues before I devote judicial resources (and those of the manufacturer) to the motion. The Wirtz firm is ordered to show cause why the fee motion should not be dismissed based on the defects noted above. I'll take a declaration from a responsible lawyer by November 28 (NTE five pages) to respond to the Court's concerns.

     6.    The hearing on the motion is VACATED. No response from Fiat Chrysler will be required until further order.